# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES O'KEEFE, | ) |
|       Plaintiff | ) |
| v. | ) **Case No.:** |
| PREMIER BANKCARD, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|       Defendant | ) |

## **COMPLAINT**

FRANCES O'KEEFE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PREMIER BANKCARD, LLC ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19125.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a South Dakota business entity with an address of: 3820 North Louise Avenue, Sioux Falls, South Dakota 57107.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Plaintiff never gave Defendant permission to call her cellular telephone.

14. Beginning in late March 2015, and continuing through December 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

15. When calling Plaintiff, Defendant used an automatic telephone dialing system and artificial or pre-recorded messages.

16. Defendant's calls were not made for emergency purposes.

17. When Plaintiff would pick up the phone, she would hear a computerized voice saying, "This is Premier Bankcard calling."

18. Plaintiff knew it was Defendant calling because, on a few occasions, she has spoken with male callers whom identified themselves as calling on behalf of Defendant, and the automated messages she received expressly identified Defendant as the caller.

19. In March 2015, and multiple times thereafter, Plaintiff advised Defendant to stop calling her cellular telephone.

20. Defendant heard and acknowledged this request.

21. However, Defendant did not remove Plaintiff's cellular telephone number from its database.

22. Rather, Defendant continued to call Plaintiff, sometimes numerous times per day.

23.  Defendant even called Plaintiff before 8 a.m. and after 9 p.m.

24.  Since revoking any prior consent for Defendant to call her, Plaintiff believes that she received at least 50 calls to her cellular telephone from Defendant.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

35.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.  Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

37.  The calls were made using an artificial or pre-recorded voice.

38.  Defendant's calls to Plaintiff were not made for emergency purposes.

39.  Plaintiff never gave Defendant express prior consent to place automated or pre-recorded calls to her cellular telephone.

40.  In March 2015, Plaintiff verbally revoked any prior consent she may have given to Defendant to call her cellular telephone.

41.  After Plaintiff revoked her consent, Defendant continued to place automated, pre-recorded calls to Plaintiff's cellular telephone.

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

43. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

44. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FRANCES O'KEEFE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FRANCES O'KEEFE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06/22/2016          By: */s/ Amy L. Bennecoff Ginsburg*
                              Amy L. Bennecoff Ginsburg, Esq.
                              Kimmel & Silverman, P.C.
                              30 E. Butler Pike
                              Ambler, PA 19002
                              Phone: (215) 540-8888
                              Fax: (877) 788-2864
                              Email: aginsburg@creditlaw.com